**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **REBECCA PEREZ,** | ) | |
| **LINDA ANNORENO, AND** | ) | |
| **JANE COLLINS,** | ) | **Case No.:** 1:16-CV-3008 |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Hon. Judge:** |
| **v.** | ) | |
| | ) | |
| **CLAIRE'S BOUTIQUES, INC.,** | ) | **Magistrate Judge:** |
| | ) | |
| **Defendants.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

<u>**COMPLAINT**</u>

NOW COME Plaintiffs REBECCA PEREZ, LINDA ANNORENO, AND JANE COLLINS, (hereinafter referred to as "Perez", "Annoreno", "Collins", or collectively as "Plaintiffs"), by and through their undersigned counsel of record, and complains against Defendant CLAIRE'S BOUTIQUES, INC., (hereinafter referred to as "Defendant"), and in so doing alleges, upon information and belief, except as to allegations particularly pertaining to themselves, which are based on personal knowledge, and state as follows:

<u>**NATURE OF THE CASE**</u>

1.      This is a case about the most deplorable, degrading and intolerable gender harassment, hostile work environment, and retaliation perpetrated against three hard working, low-wage earning women. Plaintiffs' direct supervisor, store manager Alex Rivera, on a weekly basis, referred to Plaintiffs' and many other female employees as "Cunts", "Lazy Cunts", "Bitches", and "Useless Fucking Bitches". If that wasn't enough, Alex Rivera commonly referred to Claire's young female customers, many as young as elementary school children, as

1

"Little Cunts", and "Little Bitches". For months on end, Plaintiffs desperately tried to get the harassment to stop, confronting Alex Rivera himself, reporting it on many occasions to Claire's employee relations hotline, and reporting it to their district manager. Plaintiffs' complaints were resoundingly ignored, and the harassment and hostile work environment only escalated. Financially speaking, Alex Rivera was one of Claire's top performing managers, so his conduct was tolerated. Enjoying his immunity, Alex Rivera ratcheted up the vulgar remarks, cut Plaintiffs' hours, and otherwise retaliated against Plaintiffs for challenging his disturbing treatment of Plaintiffs, other female employees, and the little children who shopped at Claire's. After months of agony and no remediation from Claire's, Plaintiffs were forced to file a charge of discrimination with the Equal Employment Opportunity Commission. Only then, and in the face of overwhelming evidence of the harassment and hostile work environment, did Claire's do something. Shockingly, what they did was merely transfer Alex Rivera to a different store. Claire's conduct amounts to very serious violations of Title VII of the Civil Rights Act of 1964, § 701 *et seq*., as amended, 42 U.S.C. § 2000e *et seq*., ("Title VII") and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq*., ("IHRA").

## PARTIES

2.      Plaintiff, Rebecca Perez, is an individual who resides in Kane County, Illinois, and worked at Claire's Aurora and Geneva, Illinois stores.

3.      Plaintiff, Linda Annoreno, is an individual who resides in Kane County, Illinois and works at Claire's Geneva, Illinois store.

4.       Plaintiff, Jane Collins is an individual who resides in Kane County, Illinois, and who formerly worked at Claire's Geneva, Illinois store.

5.      Defendant, Claire's Boutiques, Inc., is a foreign corporation, incorporated under

2

the laws of Colorado and authorized to do business in the state of Illinois. Claire's Boutiques, Inc., is a wholly owned and operated subsidiary of Claire's Stores, Inc., and is similarly headquartered at Claire's Stores, Inc.'s headquarters at 2400 West Central Road, Hoffman Estates, Illinois 60192.

## JURISDICTION AND VENUE

6. The Court has proper jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendant employed Plaintiffs in this judicial district, Plaintiffs reside in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## PROCEDURAL REQUIREMENTS

8. Plaintiffs have fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.*, and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.*

9. Plaintiffs each filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging gender harassment, a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.*

10. Plaintiff Perez filed her Charge of Discrimination on or about July 25, 2014; Plaintiff Annoreno filed her Charge of Discrimination on or about July 25, 2014; and Plaintiff Collins filed her Charge of Discrimination on or about April 27, 2015. *See* attached hereto as Group Exhibit A, Plaintiffs' Charges of Discrimination.

3

11.     Plaintiffs incorporate herein by reference and attachment, all of the allegations of their respective charges of discrimination.

12.     The EEOC issued Plaintiff Perez a Notice of Right to Sue on or about January 27, 2016; the EEOC issued Plaintiff Annoreno a Notice of Right to Sue on or about January 27, 2016; and the EEOC issued Plaintiff Collins a Notice of Right to Sue on or about December 10, 2015. *See* attached hereto as Group Exhibit B, Plaintiffs' Notices of Right to Sue.

13.     Plaintiffs have timely filed this lawsuit within 90 days from the date of receipt of each Plaintiff's Notice of Right to Sue.

## COMMON ALLEGATIONS

14.     Plaintiff Perez is a female who was employed by Defendant from approximately April, 2012, through October 2014, as a Sales Associate and a Third-Key Sales Associate.

15.     Throughout her employment, Plaintiff Perez was subjected to unwelcome gender harassment, a hostile work environment, and retaliation on the basis of her gender, and for engaging in the protected activity of opposing, reporting and complaining about the same.

16.     Plaintiff Annoreno is a female who has been employed by Defendant as a Sales Associate and Third-Key Sales Associate since approximately May 2012, and has worked at the Aurora and Geneva locations.

17.     Throughout her employment, Plaintiff Annoreno has been subjected to unwelcome gender harassment, a hostile work environment, and retaliation on the basis of her gender, and for engaging in the protected activity of opposing, reporting and complaining about the same.

18.     Plaintiff Collins is a female who was employed by Defendant as a Sales Associate from June 2014 through her constructive discharge is February 2015.

19.     Throughout her employment, Plaintiff Collins was subjected to unwelcome gender harassment, a hostile work environment, and retaliation on the basis of her gender, and for engaging in the protected activity of opposing, reporting and complaining about the same.

20.     The gender harassment and hostile work environment included, but was not limited to, the following:

a.     Alex Rivera, Defendant's employee, Plaintiffs' direct supervisor, and store manager, when talking to Plaintiffs, repeatedly referred to the women employed by Defendant as "Cunts" and "Bitches".

b.     Plaintiffs Perez, Annoreno and Collins made it clear to Mr. Rivera that such language was completely offensive, inappropriate, and unwanted, but Mr. Rivera did not stop such harassment or remediate the hostile work environment.  Rather, in response to Plaintiffs' opposition, Mr. Rivera ratcheted up the harassment and hostile work environment and continued to refer to females as "cunts" and "bitches", as well as repeatedly referring to female employees as "nothing else but useless fucking bitches" and "lazy cunts", when speaking to Plaintiffs;

c.     Alex Rivera also routinely made vulgar comments about young female kids, who were customers, in front of Plaintiffs, which highly offended Plaintiffs, made them extremely uncomfortable, and caused them a great deal of emotional distress. For example, Mr. Rivera routinely referred to young female customers as "little bitches" and "little cunts";

d.     Alex Rivera also used the same vulgar and harassing language when talking to Plaintiffs about female superiors. For example, Mr. Rivera

5

referred to Sarah, Defendant's employee and district manager as a "bitch" and a "cunt", when speaking to Plaintiffs;

e.   Defendant also held Plaintiffs to a higher performance standard than similarly situated male employees; and

f.   Defendant otherwise treated Plaintiffs less favorably in the terms, conditions, privileges, and responsibilities of their employment as compared to similarly situated male employees.

21.   Plaintiffs made repeated complaints and reports of the ongoing and continuous gender harassment and hostile work environment, to no avail, and the harassment and hostile work environment continued.

22.   Plaintiffs reported and opposed, on behalf of themselves, each other, and the young female customers, the harassment and hostile work environment on Defendant's employee relations hotline approximately five separate times, yet no timely action was taken, and Plaintiffs continued to be abused by Mr. Rivera, as described herein.

23.   Plaintiffs reported and opposed, on behalf of themselves, each other, and the young female customers, the harassment and hostile work environment to Defendant's district manager numerous times, yet no timely action was taken, and Plaintiffs continued to be abused by Mr. Rivera, as described herein.

24.   Plaintiffs repeatedly opposed the harassment and hostile work environment directly to Mr. Rivera, their direct supervisor, yet Mr. Rivera continued to engage in, and even ratchet up, the harassment and hostile work environment, as alleged herein.

25.   Despite, Plaintiffs' many reports and complaints of the ongoing severe or pervasive gender harassment and hostile work environment, Defendant refused to take action to

6

timely investigate, remediate, stop, prevent, or otherwise address the ongoing gender discrimination, harassment and hostile work environment, and it continued.

26. The ongoing gender harassment and hostile work environment was severe or pervasive enough that it had the effect of unreasonably interfering with the terms and conditions of Plaintiffs' employment.

27. The ongoing gender harassment and hostile work environment was severe or pervasive enough that a reasonable person in Plaintiffs' position would have found the work environment to be hostile or abusive, and Plaintiffs did in fact find the work environment to be hostile or abusive.

28. In retaliation for reporting and opposing the harassment and hostile work environment, Defendant retaliated against Plaintiffs by ratcheting up the harassment and hostile work environment, as alleged herein, and by drastically reducing Plaintiffs' hours.

29. At all relevant times, Plaintiffs were highly qualified, competent, and dedicated employees who met or exceeded Defendant's legitimate business expectations.

30. There was no legitimate non-discriminatory, non-retaliatory basis for Defendant's unlawful treatment of Plaintiffs, and any proffered reasons to the contrary are mere pretext.

**COUNT I**
**GENDER HARASSMENT AND HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. 2000e et seq.**
**(Plaintiff Perez v. Defendant)**

31. Plaintiff Perez incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

32. All conditions precedent to Count I have been satisfied.

7

33. At all relevant times herein, Defendant was an "employer" as defined by Title VII.

34. At all times relevant to this cause of action, Plaintiff Perez was a "person" and "employee" of Defendant.

35. The conduct of Defendant, as perpetrated by its agents, and as described and complained of above, are unlawful employment practices in that they have the effect of depriving and tending to deprive equal employment to, and otherwise adversely affect Plaintiff Perez because of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq*.

36. Defendant had a duty under Title VII to prevent gender harassment and to prevent a hostile work environment on the basis of gender.

37. Defendant allowed its managers, supervisors and employees, to harass Plaintiff Perez, and create a hostile work environment, on the basis of Plaintiff Perez's gender.

38. Plaintiff Perez repeatedly complained of, opposed, and reported the gender harassment and hostile work environment, and Defendant had knowledge of the severe or pervasive gender harassment and hostile work environment.

39. Despite Plaintiff Perez's repeated complaints, reports and opposition, and Defendant's knowledge of the gender harassment and hostile work environment, Defendant refused to take any timely action to investigate, remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment., and it continued.

40. Defendant's conduct, through its managers, agents and/or employees, was intentional and willful, and violated federal laws.

41. Defendant's conduct, through its managers, agents and employees, was unwelcome.

42. Defendant's conduct, was sufficiently severe or pervasive enough that a reasonable person in Plaintiff Perez's position would have found Plaintiff Perez's working environment to be hostile or abusive.

43. Plaintiff Perez did in fact find her working environment to be hostile or abusive.

44. Defendant, by and through its managers, agents and employees, engaged in the foregoing acts and conduct when it knew or should have known that the acts were in violation of Title VII, and any alleged reasons to the contrary are mere pretext.

45. Defendant's conduct alleged herein directly and proximately caused Plaintiff Perez severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Perez is entitled to all legal and equitable remedies available under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq*.

## COUNT II

### GENDER HARASSMENT AND HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/2-101 *et seq.*
### (Plaintiff Perez v. Defendant)

46. Plaintiff Perez incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

47. All conditions precedent to Count II have been satisfied.

48. At all relevant times herein, Defendant was an "employer" as defined by the IHRA.

9

49. At all times relevant to this cause of action, Plaintiff Perez was an "employee" of Defendant as defined under the IHRA.

50. The conduct of Defendant, as perpetrated by its agents, and as described and complained of above, are unlawful employment practices in that they have the effect of depriving and tending to deprive equal employment to, and otherwise adversely affect Plaintiff Perez because of her gender in violation of the IHRA.

51. Defendant had a duty under the IHRA to prevent gender harassment and to prevent a hostile work environment on the basis of gender.

52. Defendant allowed its managers, supervisors and employees, to harass Plaintiff Perez, and create a hostile work environment, on the basis of Plaintiff Perez's gender.

53. Plaintiff Perez repeatedly complained of or reported the gender harassment and hostile work environment, and Defendant had knowledge of the severe or pervasive gender harassment and hostile work environment, and it continued.

54. Despite Plaintiff Perez's repeated complaints, reports and opposition, and Defendant's knowledge of the gender harassment and hostile work environment, Defendant refused to take action to timely investigate, remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment, and it continued.

55. Defendant's conduct, through its managers, agents and employees, was intentional and willful, and violated Illinois State laws.

56. Defendant's conduct, through its managers, agents and employees, was unwelcome.

57. Defendant's conduct, was sufficiently severe or pervasive enough that a reasonable person in Plaintiff Perez's position would have found Plaintiff Perez's working environment to be hostile or abusive.

58. Plaintiff Perez did in fact find her working environment to be hostile or abusive.

59. Defendant, by and through its managers, agents and employees, engaged in the foregoing acts and conduct when it knew or should have known that the acts were in violation of the IHRA, and any alleged reasons to the contrary are mere pretext.

60. Defendant's conduct alleged herein directly and proximately caused Plaintiff Perez severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Perez is entitled to all legal and equitable remedies available under the IHRA.

## COUNT III

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq.*
### (Plaintiff Perez v. Defendant)

61. Plaintiff Perez incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

62. All conditions precedent to Count III have been satisfied.

63. At all relevant times herein, Defendant was an "employer" as defined by Title VII.

64. At all times relevant to this cause of action, Plaintiff Perez was a "person" and "employee" of Defendant.

11

65.     At all relevant times herein, Plaintiff Perez was performing her job duties and responsibilities in an outstanding manner, that met or exceeded Defendant's legitimate business expectations.

66.     Despite meeting or exceeding Defendant's legitimate business expectations, Plaintiff Perez was retaliated against in being subjected to increased harassment and hostile work environment, as alleged herein, and a reduction in her scheduled hours, after making numerous reports and complaints of gender harassment and a hostile work environment.

67.     At all relevant times, Defendant had a duty under Title VII to refrain from retaliating against employees who exercise the protected right of reporting conduct which the employee reasonably believes constitutes a violation of Title VII.

68.     Plaintiff Perez was retaliated against as a result of her repeated complaints, reports and opposition of the gender harassment and hostile work environment, and any alleged reasons to the contrary are mere pretext.

69.     Defendant's unlawful retaliation against Plaintiff Perez directly and proximately caused Plaintiff Perez severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Perez is entitled to all legal and equitable remedies available under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq*.

## COUNT IV

### RETALIATION IN VIOLATION OF
### THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/2-101 *et seq.*
### (Plaintiff Perez v. Defendant)

70.     Plaintiff Perez incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

71.     All conditions precedent to Count IV have been satisfied.

72.     At all relevant times herein, Defendant was an "employer" as defined by the IHRA.

73.     At all times relevant to this cause of action, Plaintiff Perez was an "employee" of Defendant.

74.     At all relevant times herein, Plaintiff Perez was performing her job duties and responsibilities in an outstanding manner, that met or exceeded Defendant's legitimate business expectations.

75.     Despite meeting or exceeding Defendant's legitimate business expectations, Plaintiff Perez was retaliated against in being subjected to increased harassment and hostile work environment, as alleged herein, and a reduction in her scheduled hours, after making numerous reports and complaints of gender harassment and a hostile work environment.

76.     At all relevant times, Defendant had a duty under the IHRA to refrain from retaliating against employees who exercise the protected right of reporting conduct which the employee reasonably believes constitutes a violation of IHRA.

13

77.     Plaintiff Perez was retaliated against as a result of her repeated complaints, reports and opposition of the gender harassment and hostile work environment, and any alleged reasons to the contrary are mere pretext.

78.     Defendant's unlawful retaliation against Plaintiff Perez directly and proximately caused Plaintiff Perez severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Perez is entitled to all legal and equitable remedies available under IHRA.

## COUNT V

### GENDER HARASSMENT AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. (Plaintiff Annoreno v. Defendant)

79.     Plaintiff Annoreno incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

80.     All conditions precedent to Count V have been satisfied.

81.     At all relevant times herein, Defendant was an "employer" as defined by Title VII.

82.     At all times relevant to this cause of action, Plaintiff Annoreno was a "person" and "employee" of Defendant.

83.     The conduct of Defendant, as perpetrated by its agents, and as described and complained of above, are unlawful employment practices in that they have the effect of depriving and tending to deprive equal employment to, and otherwise adversely affect Plaintiff

14

Annoreno because of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq*.

84. Defendant had a duty under Title VII to prevent gender harassment and to prevent a hostile work environment on the basis of gender.

85. Defendant allowed its managers, supervisors and employees, to harass Plaintiff Annoreno, and create a hostile work environment, on the basis of Plaintiff Annoreno's gender.

86. Plaintiff Annoreno repeatedly complained of, reported and opposed the gender harassment and hostile work environment, and Defendant had knowledge of the severe or pervasive gender harassment and hostile work environment.

87. Despite Plaintiff Annoreno's repeated complaints, reports and opposition, and Defendant's knowledge of the gender harassment and hostile work environment, Defendant refused to timely take action to investigate, remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment, and it continued.

88. Defendant's conduct, through its managers, agents and employees, was intentional and willful, and violated federal laws.

89. Defendant's conduct, through its managers, agents and employees, was unwelcome.

90. Defendant's conduct, was sufficiently severe or pervasive enough that a reasonable person in Plaintiff Annoreno's position would have found Plaintiff Annoreno's working environment to be hostile or abusive.

91. Plaintiff Annoreno did in fact find her working environment to be hostile or abusive.

15

92. Defendant, by and through its managers, agents and employees, engaged in the foregoing acts and conduct when it knew or should have known that the acts were in violation of Title VII, and any alleged reasons to the contrary are mere pretext.

93. Defendant's conduct alleged herein directly and proximately caused Plaintiff Annoreno severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Annoreno is entitled to all legal and equitable remedies available under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq*.

## COUNT VI

### GENDER HARASSMENT AND HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/2-101 *et seq.*
### (Plaintiff Annoreno v. Defendant)

94. Plaintiff Annoreno incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

95. All conditions precedent to Count VI have been satisfied.

96. At all relevant times herein, Defendant was an "employer" as defined by the IHRA.

97. At all times relevant to this cause of action, Plaintiff Annoreno was an "employee" of Defendant as defined under the IHRA.

98. The conduct of Defendant, as perpetrated by its agents, and as described and complained of above, are unlawful employment practices in that they have the effect of depriving and tending to deprive equal employment to, and otherwise adversely affect Plaintiff Annoreno because of her gender in violation of the IHRA.

16

99. Defendant had a duty under the IHRA to prevent gender harassment and to prevent a hostile work environment on the basis of gender.

100. Defendant allowed its managers, supervisors and employees, to harass, and create a hostile work environment, on the basis Plaintiff Annoreno's of gender.

101. Plaintiff Annoreno repeatedly complained of, reported and opposed the gender harassment and hostile work environment, and Defendant had knowledge of the severe or pervasive gender harassment and hostile work environment.

102. Despite Plaintiff Annoreno's repeated complaints, reports and opposition, and Defendant's knowledge of the gender harassment and hostile work environment, Defendant refused to timely take action to investigate, remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment, and it continued.

103. Defendant's conduct, through its managers, agents and employees, was intentional and willful, and violated Illinois State laws.

104. Defendant's conduct, through its managers, agents and employees, was unwelcome.

105. Defendant's conduct, was sufficiently severe or pervasive enough that a reasonable person in Plaintiff Annoreno's position would have found Plaintiff Annoreno's working environment to be hostile or abusive.

106. Plaintiff Annoreno did in fact find her working environment to be hostile or abusive.

107. Defendant, by and through its managers, agents and employees, engaged in the foregoing acts and conduct when it knew or should have known that the acts were in violation of the IHRA, and any alleged reasons to the contrary are mere pretext.

17

108.	Defendant's conduct alleged herein directly and proximately caused Plaintiff Annoreno severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Annoreno is entitled to all legal and equitable remedies available under the IHRA.

## COUNT VII

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq.*
### (Plaintiff Annoreno v. Defendant)

109.	Plaintiff Annoreno incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

110.	All conditions precedent to Count VII have been satisfied.

111.	At all relevant times herein, Defendant was an "employer" as defined by Title VII.

112.	At all times relevant to this cause of action, Plaintiff Annoreno was a "person" and "employee" of Defendant.

113.	At all relevant times herein, Plaintiff Annoreno was performing her job duties and responsibilities in an outstanding manner, that met or exceeded Defendant's legitimate business expectations.

114.	Despite meeting or exceeding Defendant's legitimate business expectations, Plaintiff Annoreno was retaliated against in being subjected to increased harassment and hostile work environment, as alleged herein, and a reduction in her scheduled hours, after making numerous reports and complaints of gender harassment and a hostile work environment.

18

115. At all relevant times, Defendant had a duty under Title VII to refrain from retaliating against employees who exercise the protected right of reporting conduct which the employee reasonably believes constitutes a violation of Title VII.

116. Plaintiff Annoreno was retaliated against as a result of her repeated complaints, reports and opposition of the gender harassment and hostile work environment, and any alleged reasons to the contrary are mere pretext.

117. Defendant's unlawful retaliation against Plaintiff Annoreno directly and proximately caused Plaintiff Annoreno severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Annoreno is entitled to all legal and equitable remedies available under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq*.

## COUNT VIII

### RETALIATION IN VIOLATION OF
### THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/2-101 *et seq.*
### (Plaintiff Annoreno v. Defendant)

118. Plaintiff Annoreno incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

119. All conditions precedent to Count VIII have been satisfied.

120. At all relevant times herein, Defendant was an "employer" as defined by the IHRA.

121. At all times relevant to this cause of action, Plaintiff Annoreno was an "employee" of Defendant.

19

122. At all relevant times herein, Plaintiff Annoreno was performing her job duties and responsibilities in an outstanding manner, that met or exceeded Defendant's legitimate business expectations.

123. Despite meeting or exceeding Defendant's legitimate business expectations, Plaintiff Annoreno was retaliated against in being subjected to increased harassment and hostile work environment, as alleged herein, and a reduction in her scheduled hours, after making numerous reports and complaints of gender harassment and a hostile work environment.

124. At all relevant times, Defendant had a duty under the IHRA to refrain from retaliating against employees who exercise the protected right of reporting conduct which the employee reasonably believes constitutes a violation of IHRA.

125. Plaintiff Annoreno was retaliated against as a result of her repeated complaints, reports and opposition of the gender harassment and hostile work environment, and any alleged reasons to the contrary are mere pretext.

126. Defendant's unlawful retaliation against Plaintiff Annoreno directly and proximately caused Plaintiff Annoreno severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Annoreno is entitled to all legal and equitable remedies available under IHRA.

## COUNT IX

### GENDER HARASSMENT AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. (Plaintiff Collins v. Defendant)

127. Plaintiff Collins incorporates and re-alleges all preceding paragraphs as if fully set

20

forth herein.

128.    All conditions precedent to Count IX have been satisfied.

129.    At all relevant times herein, Defendant was an "employer" as defined by Title VII.

130.    At all times relevant to this cause of action, Plaintiff Collins was a "person" and "employee" of Defendant.

131.    The conduct of Defendant, as perpetrated by its agents, and as described and complained of above, are unlawful employment practices in that they have the effect of depriving and tending to deprive equal employment to, and otherwise adversely affect Plaintiff Collins because of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq*.

132.    Defendant had a duty under Title VII to prevent gender harassment and to prevent a hostile work environment on the basis of gender.

133.    Defendant allowed its managers, supervisors and employees, to harass Plaintiff Collins, and create a hostile work environment, on the basis of Plaintiff Collins's gender.

134.    Plaintiff Collins repeatedly opposed the gender harassment and hostile work environment, and Defendant had knowledge of the severe or pervasive gender harassment and hostile work environment.

135.    Plaintiffs Annoreno and Perez repeatedly reported, complained of, and opposed the gender harassment and hostile work environment to which Plaintiff Collins was subjected to on a regular basis, because they were Plaintiff Collins' superiors, and she informed them of the harassment and hostile work environment.

136. Despite Plaintiff Collins' opposition and Defendant's knowledge of the gender harassment and hostile work environment, Defendant refused to timely take action to investigate, remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment, and it continued.

137. Defendant's conduct, through its managers, agents and employees, was intentional and willful, and violated federal laws.

138. Defendant's conduct, through its managers, agents and employees, was unwelcome.

139. Defendant's conduct, was sufficiently severe or pervasive enough that a reasonable person in Plaintiff Collins's position would have found Plaintiff Collins' working environment to be hostile or abusive.

140. Plaintiff Collins did in fact find her working environment to be hostile or abusive.

141. Defendant, by and through its managers, agents and employees, engaged in the foregoing acts and conduct when it knew or should have known that the acts were in violation of Title VII, and any alleged reasons to the contrary are mere pretext.

142. Defendant's conduct alleged herein directly and proximately caused Plaintiff Collins severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Collins is entitled to all legal and equitable remedies available under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq*.

22

## COUNT X

### GENDER HARASSMENT AND HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/2-101 *et seq.*
### (Plaintiff Collins v. Defendant)

143. Plaintiff Collins incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

144. All conditions precedent to Count X have been satisfied.

145. At all relevant times herein, Defendant was an "employer" as defined by the IHRA.

146. At all times relevant to this cause of action, Plaintiff Collins was an "employee" of Defendant as defined under the IHRA.

147. The conduct of Defendant, as perpetrated by its agents, and as described and complained of above, are unlawful employment practices in that they have the effect of depriving and tending to deprive equal employment to, and otherwise adversely affect Plaintiff Collins because of her gender in violation of the IHRA.

148. Defendant had a duty under the IHRA to prevent gender harassment and to prevent a hostile work environment on the basis of gender.

149. Defendant allowed its managers, supervisors and employees, to harass Plaintiff Collins, and create a hostile work environment on the basis of Plaintiff Collins' gender.

150. Plaintiff Collins repeatedly opposed the gender harassment and hostile work environment, and Defendant had knowledge of the severe or pervasive gender harassment and hostile work environment.

151. Plaintiffs Annoreno and Perez repeatedly reported, complained of, and opposed the gender harassment and hostile work environment to which Plaintiff Collins was subjected to

23

on a regular basis, because they were Plaintiff Collins' superiors, and she had complained to them about the harassment and hostile work environment.

152. Despite Plaintiff Collins' opposition and Defendant's knowledge of the gender harassment and hostile work environment, Defendant refused to timely take action to investigate, remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment, and it continued.

153. Defendant's conduct, through its managers, agents and employees, was intentional and willful, and violated Illinois State laws.

154. Defendant's conduct, through its managers, agents and employees, was unwelcome.

155. Defendant's conduct was sufficiently severe or pervasive enough that a reasonable person in Plaintiff Collins position would have found Plaintiff Collins' working environment to be hostile or abusive.

156. Plaintiff Collins did in fact find her working environment to be hostile or abusive.

157. Defendant, by and through its managers, agents and employees, engaged in the foregoing acts and conduct when it knew or should have known that the acts were in violation of the IHRA, and any alleged reasons to the contrary are mere pretext.

158. Defendant's conduct alleged herein directly and proximately caused Plaintiff Collins severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Collins is entitled to all legal and equitable remedies available under the IHRA.

## COUNT XI

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq.*
### (Plaintiff Collins v. Defendant)

159.     Plaintiff Collins incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

160.     All conditions precedent to Count XI have been satisfied.

161.     At all relevant times herein, Defendant was an "employer" as defined by Title VII.

162.     At all times relevant to this cause of action, Plaintiff Collins was a "person" and "employee" of Defendant.

163.     At all relevant times herein, Plaintiff Collins was performing her job duties and responsibilities in an outstanding manner that met or exceeded Defendant's legitimate business expectations.

164.     Despite meeting or exceeding Defendant's legitimate business expectations, Plaintiff Collins was retaliated against in being subjected to increased harassment and hostile work environment, as alleged herein, after opposing the conduct to store manager Alex Rivera, and making numerous reports and complaints of gender harassment and a hostile work environment to her superiors, Plaintiffs Annoreno and Perez, who in turn, reported it to the employee relations hotline and district manager.

165.     At all relevant times, Defendant had a duty under Title VII to refrain from retaliating against employees who exercise the protected right of reporting conduct which the employee reasonably believes constitutes a violation of Title VII.

166. Plaintiff Collins was retaliated against as a result of her repeated complaints, reports and opposition of the gender harassment and hostile work environment, and any alleged reasons to the contrary are mere pretext.

167. Defendant's unlawful retaliation against Plaintiff Collins directly and proximately caused Plaintiff Collins severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Collins is entitled to all legal and equitable remedies available under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.*

## **COUNT XII**

### **RETALIATION IN VIOLATION OF**
### **THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/2-101 *et seq.***
### **(Plaintiff Collins v. Defendant)**

168. Plaintiff Collins incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

169. All conditions precedent to Count XII have been satisfied.

170. At all relevant times herein, Defendant was an "employer" as defined by the IHRA.

171. At all times relevant to this cause of action, Plaintiff Collins was an "employee" of Defendant.

172. At all relevant times herein, Plaintiff Collins was performing her job duties and responsibilities in an outstanding manner that met or exceeded Defendant's legitimate business expectations.

173.    Despite meeting or exceeding Defendant's legitimate business expectations, Plaintiff Collins was retaliated against in being subjected to increased harassment and hostile work environment, as alleged herein, after opposing the conduct to store manager Alex Rivera, and making numerous reports and complaints of gender harassment and a hostile work environment to her superiors, Plaintiffs Annoreno and Perez, who in turn, reported it to the employee relations hotline and district manager.

174.    At all relevant times, Defendant had a duty under the IHRA to refrain from retaliating against employees who exercise the protected right of reporting conduct which the employee reasonably believes constitutes a violation of IHRA.

175.    Plaintiff Collins was retaliated against as a result of her repeated complaints, reports and opposition of the gender harassment and hostile work environment, and any alleged reasons to the contrary are mere pretext.

176.    Defendant's unlawful retaliation against Plaintiff Collins directly and proximately caused Plaintiff Collins severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Collins is entitled to all legal and equitable remedies available under IHRA.

## COUNT XIII

### CONSTRUCTIVE DISCHARGE IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq.*
### (Plaintiff Collins v. Defendant)

177.    Plaintiff Collins incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

27

178.    All conditions precedent to Count XIII have been satisfied.

179.    At all relevant times herein, Defendant was an "employer" as defined by Title VII.

180.    At all times relevant to this cause of action, Plaintiff Collins was an "employee" of Defendant as defined by Title XI.

181.    At all relevant times herein, Plaintiff Collins was performing her job duties and responsibilities in an outstanding manner, that met or exceeded Defendant's legitimate business expectations.

182.    At all relevant times, Defendant had a duty under Title VII to prevent gender harassment and to prevent a hostile work environment on the basis of gender.

183.    Despite Plaintiff Collins' repeated opposition, complaints and reports, and Defendant's knowledge of the gender harassment and hostile work environment, Defendant refused to timely take action to investigate, remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment, and it continued.

184.    As a result of Defendant's conduct, and failure to remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment, Plaintiff Collins' working conditions became so intolerable that a reasonable person in Plaintiff Collins' position would have had to quit their position with Defendant.

185.    Plaintiff Collins was constructively discharged by Defendant, as a result of Defendant's conduct, and failure to remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment.

186.    Defendant's conduct directly and proximately caused Plaintiff Collins severe harm and damages, including great mental anguish, humiliation, degradation, physical, and

28

emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Collins is entitled to all legal and equitable remedies available under Title VII.

## COUNT XIV

### CONSTRUCTIVE DISCHARGE IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/2-101 *et seq.* (Plaintiff Collins v. Defendant)

187.  Plaintiff Collins incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

188.  All conditions precedent to Count XIV have been satisfied.

189.  At all relevant times herein, Defendant was an "employer" as defined by the IHRA.

190.  At all times relevant to this cause of action, Plaintiff Collins was an "employee" of Defendant.

191.  At all relevant times herein, Plaintiff Collins was performing her job duties and responsibilities in an outstanding manner, that met or exceeded Defendant's legitimate business expectations.

192.  At all relevant times, Defendant had a duty under the IHRA to prevent gender harassment and to prevent a hostile work environment on the basis of gender.

193.  Despite Plaintiff Collins's repeated opposition, complaints, reports and Defendant's knowledge of the gender harassment and hostile work environment, Defendant refused to timely take action to investigate, remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment, and it continued.

29

194. As a result of Defendant's conduct, and failure to remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment, Plaintiff Collins working conditions became so intolerable that a reasonable person in Plaintiff Collins's position would have had to quit their position with Defendant.

195. Plaintiff Collins was constructively discharged by Defendant, as a result of Defendant's conduct, and failure to remediate, stop, prevent, or otherwise address the ongoing gender harassment and hostile work environment.

196. Defendant's conduct directly and proximately caused Plaintiff Collins severe harm and damages, including great mental anguish, humiliation, degradation, physical, and emotional pain and suffering, inconvenience, lost compensation, wages and benefits, and other damages, and as such, Plaintiff Collins is entitled to all legal and equitable remedies available under IHRA.

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

i. Damages sufficient to compensate Plaintiffs for their injuries;

ii. Back Pay;

iii. Emotional Distress Damages;

iv. Pre-judgment and post-judgment interest;

v. Punitive damages;

vi. Reasonable attorney's fees;

vii. An award of litigation costs and expenses; and

viii. Any and all other relief that this Honorable Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.

Dated: <u>March 9, 2016</u>      Respectfully submitted,

            FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC

            by <u>/s/ Peter L. Currie</u>


            Peter L. Currie (#06255735)
            Kathleen C. Chavez (#06255735)
            Alexander W. Van Maren (#06321657)
            FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
            10 West State Street
            Suite #200
            Geneva, Illinois 60134
            Telephone: (630) 232-7450
            Facsimile:  (630) 232-7452


            *Attorney for Plaintiffs*

31

## VERIFICATION

I, **REBECCA PEREZ**, being first duly sworn under oath hereby state that I am the

Plaintiff in this action, that I have read the foregoing **COMPLAINT** and that the allegations

contained herein are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

**REBECCA PEREZ**

Subscribed and sworn to before
me this __8__ day of March, 2016

"OFFICIAL SEAL"
LIZETH ESQUIVEL
Notary Public, State of Illinois
My Commission Expires 04/26/19

Notary Public

## VERIFICATION

I, **LINDA ANNORENO**, being first duly sworn under oath hereby state that I am the

Plaintiff in this action, that I have read the foregoing **COMPLAINT** and that the allegations

contained herein are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

**LINDA ANNORENO**

Subscribed and sworn to before
me this ___8___ day of March, 2016

Notary Public IZETH ESQUIVEL
Notary Public, State of Illinois
My Commission Expires 04/26/19

## VERIFICATION

I, **JANE COLLINS,** being first duly sworn under oath hereby state that I am the Plaintiff in this action, that I have read the foregoing **COMPLAINT** and that the allegations contained herein are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

**JANE COLLINS**

*Jane Collins*

Subscribed and sworn to before
me this ___9___ day of March, 2016

Notary Public
"OFFICIAL SEAL"
LIZETH ESQUIVEL
Notary Public, State of Illinois
My Commission Expires 04/26/19